UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-81484-CIV-COHN/SELTZER

KINON SURFACE DESIGN, INC.,

        Plaintiff,

vs.

DESIGN WORKS CUSTOM TABLES, INC.
and CLEO DESIGN, INC.,

        Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Plaintiff's Motion [DE 79] for Clarification or Modification of this Court's Order on Motion for Protective Order and upon Defendants' Motion to Compel Plaintiff's Compliance With the Court's April 15, 2016 Order, Motion for Sanctions, and Renewed Motion for Extension of the Court's Fact Discovery Deadline [DE 80].[1]  Both motions have been fully briefed. The parties' motions address the Court's earlier Order [DE 73], which denied Plaintiffs' Motion for Protective Order pertaining to production of Plaintiff's "income tax returns, W-2 forms, and other documents showing Kinon's profits or losses."  The Court ordered Kinon to produce its "financial records" and further ordered the parties to submit a proposed stipulated confidentiality order prior to that production.

Kinon asks for clarification or modification of the Court's Order. Kinon argues that its proposed production of its financial statements, which were prepared by its accountants

---

[1] On May 3, 2016, the Court granted [DE 89] the Renewed Motion for Extension of the Court's Fact Discovery Deadline and extended fact discovery through May 18, 2016.

and reflect its costs, profits and losses, would satisfy its discovery obligations. In support of its position, Kinon asserts that its financial information is highly sensitive and includes trade secrets and that production of the underlying financial data is not proportional to the needs of this case. Alternatively, Kinon requests that the Court enter a two-tiered confidentiality order that includes an attorneys' eyes only provision.[2]

Defendants counter that the Court's original Order is clear and unambiguous and that Kinon is obligated to produce its "income tax returns, W-2 forms, and other documents showing Kinon's profits or losses." Defendants also argue that a confidentiality order with an attorneys' eyes only provision would not permit their expert witnesses to formulate opinions on the issue of Plaintiff's alleged damages. Defendants ask the Court to enter the proposed confidentiality order it has submitted, order Plaintiff to produce its "income tax returns, W-2 forms, and other documents showing Kinon's profits or losses," and impose sanctions on Plaintiff for failing to comply with the Court's Order.

> This is a copyright infringement action in which Plaintiff is seeking actual damages. "In general, a successful copyright plaintiff may elect between two monetary remedies. The first option is recovery of 'the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement.' 17 U.S.C. § 504(b). In lieu of actual damages and profits, the copyright owner may elect to recover the second option, 'an award of statutory damages . . . in a sum of not less than $750 or more than $30,000 as the court considers just.' 17 U.S.C. § 504(c)(1)."

<u>Microsoft Corp. v. Tech. Enterprises, LLC</u>, 805 F. Supp. 2d 1330, 1332 (S.D. Fla. 2011). A party seeking lost profits damages has a responsibility "to provide adequate discovery concerning their amount <u>and the basis of their computation</u>." <u>Design Strategies, Inc. v.</u>

---

[2] Kinon has not submitted a proposed confidentiality order, but objects to the confidentiality order proposed by Defendants. [DE 83-1].

Davis, 367 F. Supp. 2d 630, 635 (S.D.N.Y. 2005) (emphasis added); see also, Financial Business Equipment Solutions, Inc. v. Quality Data Sys, Inc., No. 08-60769-CIV, 2008 WL 4663277 (S.D. Fla. Oct. 21, 2008) (ordering plaintiff seeking to recover lost profits to produce five years of financial records, including federal income tax returns).  In contrast, a party that elects to pursue only statutory damages is not obligated to disclose its finances.  See  Peter Letterese and Associates, Inc. v. World Inst. Of Scientology Enterprises, 533 F.3d 1287, 1317 (11th Cir. 2008) (plaintiff filed an amended complaint dropping its claim for actual damages in order to avoid disclosing its financial records). In that Kinon is seeking actual damages information about its profits and losses and the underlying data, is both relevant and proportional to the case.  See, Exist, Inc. v. E.S.Y, Inc., No. 14-CV-62429, 2015 WL 926003, at *3 (S.D. Fla. Mar. 4, 2015)(plaintiff alleging actual damages for copyright and trademark infringement must produce tax and other financial records).

The Court, however, has reconsidered the Defendants' specific requests and the Defendants' arguments in support, and finds that Defendants have not established a need for all W-2 forms issued by Kinon.  That portion of Defendants' request is neither relevant to any party's claim or defense, nor proportional to the needs of this case.  However, the remaining financial information requested by Defendants is both relevant and proportional.

The Court again notes that a confidentiality order is warranted in this case and agrees with Plaintiff that a "highly sensitive" provision and restricted disclosure is appropriate.  The Court is optimistic that the parties can draft a stipulated proposed confidentiality order that will protect Plaintiff's trade secrets from being disclosed to its competitors and alleged infringers, yet be broad enough to permit Defendants' expert

3

witnesses to render opinions on the issue of Plaintiff's actual damages.  Accordingly, in light of the foregoing discussion, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion [DE 79] for Clarification or Modification of This Court's Order on Motion for Protective Order is **GRANTED IN PART AND DENIED IN PART**.

2. Defendant's Motion [DE 80] to Compel Plaintiff's Compliance With the Court's April 15, 2016 Order, Motion for Sanctions, and Renewed Motion for Extension of the Court's Fact Discovery Deadline is **GRANTED IN PART AND DENIED IN PART.**

3. The parties shall file with Court via CM/ECF and submit to the Court via email (seltzer@flsd.uscourts.gov) in Word Format a stipulated proposed confidentiality order that contains a highly sensitive provision limiting disclosure to certain categories of individuals for designated reasons.  The stipulated proposed confidentiality order shall be submitted no later than 12:00 p.m., May 12, 2016.  Alternatively, if after good faith discussion the parties are unable to reach an agreement as to the terms of the proposed confidentiality order, the parties shall separately submit their own proposed confidentiality orders in the manner and by the deadline set forth above.

4. No later than Friday, May 13, 2016, Plaintiff shall produce income tax returns and other documents showing Kinon's profits or losses for the period January 1, 2011 to December 31, 2015.  The W-2 forms issued by Plaintiff during those years are excluded from this Order.

5. Defendants' Motion for Sanctions is **DENIED.**

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 10th day of May, 2016.

BARRY S. SELTZER
United States Magistrate Judge

Copies furnished counsel via CM/ECF